UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| NOBELBIZ, INC.<br><br>    Plaintiff,<br><br>v.<br><br>LIVEVOX INC.<br><br>    Defendant. | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, NobelBiz, Inc. ("NobelBiz"), by and through its counsel, Capshaw DeRieux, L.L.P. and Gibbons P.C., as for its Complaint against Defendant, LiveVox Inc. (hereafter referred to as "Defendant"), states as follows:

## THE PARTIES

1. Plaintiff NobelBiz is a privately held company incorporated under the laws of the State of Delaware, and having its principal place of business at 5973 Avenida Encinas, Suite 202, Carlsbad, California 92008. NobelBiz is a provider of telecommunications solutions to call centers worldwide.

2. Upon information and belief, Defendant is a corporation organized and existing under the laws of the State of Delaware, and having its principal place of business at 450 Sansome Street, Suite 910, San Francisco, California 94111.

## JURISDICTION AND VENUE

3. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code § 1, *et seq*.

4.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.     This Court has personal jurisdiction over Defendant because of its continuous and systematic business contacts with the state of Texas.

6.     Venue is appropriate in this district pursuant to 28 U.S.C. §§ 1391(b) and (c), and/or 28 U.S.C. § 1400(b).

## NOBELBIZ'S PATENT

7.     On March 13, 2012, the USPTO issued United States Patent No. 8,135,122 ("the '122 patent"), entitled "SYSTEM AND METHOD FOR MODIFYING COMMUNICATION INFORMATION (MCI)."  A copy of the '122 patent is attached hereto as Exhibit A.

8.     NobelBiz is the assignee of the '122 patent.

9.     By way of a general description, the '122 patent discloses a system for processing a telephone call from a call originator (also referred to as a calling party) to a call target (also referred to as a receiving party), where the system accesses a database storing outgoing telephone numbers, selects a replacement telephone number from the outgoing telephone numbers based on the telephone number of the call target, and originates an outbound call to the call target with a modified outgoing caller identification ("caller ID").  *See, e.g.*, the '122 patent, Abstract.

10.    In practice, the invention of the '122 patent allows a calling party in one geographical location to originate a call to a receiving party in another geographical location, and for the caller identification ("caller ID") or calling party number ("CPN") ("caller ID" and "CPN" collectively hereafter, "caller ID") of that call to appear to the receiving party as a telephone number from the receiving party's local geographical region (e.g., area code) instead

of the calling party's actual telephone number that would have a caller ID from the calling party's geographical region.

11. NobelBiz has embodied features of the '122 patent in its LocalTouch™ service.

12. LocalTouch™ is designed to enhance the effectiveness of outbound teleservice call centers and for example, collection agencies, by increasing contact rates between calling parties and receiving parties.

13. For example, by implementing the novel process of the '122 patent, LocalTouch™ has been shown to increase contact rates between calling parties and receiving parties by over thirty percent (30%).

14. LocalTouch™ has been recognized by the industry as a pioneering service on multiple occasions.  For example, in 2008, LocalTouch™ received the prestigious Technovation Award from the American Teleservices Association "[f]or its unique approach to delivering calls to many locations through many levels of redundancy and for its ability to allow a customer to choose their telephony infrastructure."

## DEFENDANT'S INFRINGING SYSTEM

15. Defendant is a provider of hosted contact center solutions.

16. Defendant offers applications to contact centers (i.e., call centers) including the "Compliance Suite," which upon information and belief, includes a local caller ID management service.

17. Hereinafter, Defendant's local caller ID management service within its Compliance Suite is referred to as the "LiveVox Service."

18. Upon information and belief, the LiveVox Service includes a caller ID modifying service that modifies the caller ID for an outgoing telephone call to appear as a local number to the recipient of that call.

19. Upon information and belief, with the LiveVox Service, calls originate with caller ID information from a geographic location of the system user (i.e., the calling party). The Defendant's Service modifies the caller ID information, if necessary, so the caller ID information displayed to the receiving party is from the same geographical region as the receiving party.

20. Upon information and belief, the LiveVox Service features account penetration settings and state dialing configuration graphical user interfaces ("GUIs").

21. Upon information and belief, Defendant's LiveVox Service practices each and every limitation of the claims of the '122 patent.

22. Upon information and belief, Defendant is knowingly and willfully, directly and indirectly infringing the '122 patent by offering to sell and selling its LiveVox Service in the United States, including within this judicial district.

## **COUNT I – PATENT INFRINGEMENT OF THE '122 PATENT**

23. NobelBiz restates and incorporates by reference paragraphs 1 through 22 as if stated fully herein.

24. On information and belief, and in violation of 35 U.S.C. § 271(a), Defendant has, literally and under the doctrine of equivalents, infringed the '122 patent and still is, literally and under the doctrine of equivalents, infringing the '122 patent, by, among other things, making, using, offering for sale, and/or selling its LiveVox Service and will continue to do so unless such infringing activities are enjoined by this Court.

25. Prior to this lawsuit, Defendant had knowledge of NobelBiz's '122 patent.

26. On information and belief, and in violation of 35 U.S.C. § 271(b), Defendant has actively induced others to infringe one or more claims of the '122 patent in this district and elsewhere in the United States. Defendant knowingly induced infringement and possessed specific intent to encourage another's infringement which led to direct infringement by a third

party, e.g., call centers, by use of its LiveVox Service, and by soliciting end users to purchase and use its LiveVox Service, in this district and elsewhere in the United States.

27. NobelBiz will be substantially and irreparably harmed if Defendant's infringement of the '122 patent is not enjoined. Plaintiffs do not have an adequate remedy at law.

28. NobelBiz is entitled to recover from the Defendant the damages sustained as a result of Defendant's infringing acts.

29. Plaintiff demands trial by jury of all issues so triable.

## **PRAYER FOR RELIEF**

Plaintiffs request that:

(a) Judgment be entered that Defendant has infringed the '122 patent;

(b) Judgment be entered that Defendant's infringement of the '122 patent was willful;

(c) An accounting be had for the damages resulting from Defendant's infringement of the '122 patent, including, without limitation, lost profits caused by the infringing activities of Defendant, and that the damages so ascertained be trebled and awarded together with interest and costs;

(d) Judgment be entered that this is an exceptional case, and that NobelBiz is entitled to its reasonable attorney fees pursuant to 35 U.S.C. § 285;

(e) A permanent injunction be issued, restraining and enjoining Defendant, its officers, agents, attorneys, and employees, and those acting in privity or concert with them, from engaging in the commercial manufacture, use, offer for sale, or sale within the United States, or importation into the United States, of systems claimed in the '122 patent; and

    (f)  The Court award such other and further relief as the Court may deem just and proper under the circumstances.

DATED:   April 3, 2012      By: <u>/s/ S. Calvin Capshaw    </u>
                  S. Calvin Capshaw
                  Texas Bar No. 03783900
                  Elizabeth L. DeRieux
                  Texas Bar No. 05770585
                  D. Jeffrey Rambin
                  Texas Bar No. 00791478
                  **Capshaw DeRieux LLP**
                  114 E Commerce Avenue
                  Gladewater, TX 75647
                  Telephone: (903) 233-4816
                  Facsimile: (903) 236-8787
                  Email: ccapshaw@capshawlaw.com
                  Email: ederieux@capshawlaw.com
                  Email: jrambin@capshawlaw.com

                  Of Counsel:

                  Ralph A. Dengler
                  Charles H. Chevalier
                  William A. Hector
                  **GIBBONS, P.C.**
                  One Gateway Center
                  Newark, NJ 07102
                  Phone: (9735) 596-4825
                  Facsimile: (973) 639-6381
                  Email: rdengler@gibbonslaw.com
                  Email: cchevalier@gibbonslaw.com
                  Email: whector@gibbonslaw.com

                  *Attorneys for Plaintiff*
                  *NobelBiz, Inc.*