Robert Harkins (California State Bar No. 179525)
robert.harkins@sedgwicklaw.com
SEDGWICK LLP
333 Bush Street, 30th Floor
San Francisco, CA  94104-2834
Telephone:    415.781.7900
Facsimile:    415.781.2635

Paul Cauley (Texas State Bar No. 4018900)
paul.cauley@sedgwicklaw.com
SEDGWICK LLP
1717 Main Street, 54th Fl.
Dallas, Texas 75201
Telephone:    469.227.8200
Facsimile:    469.227.8004

Attorneys for LIVEVOX INC.


**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| NOBELBIZ, INC. | ) | CIV. ACTION NO.  6:12-CV-00246-LED |
| | ) | |
| Plaintiff, | ) | **LIVEVOX'S MOTION TO TRANSFER** |
| | ) | **AND TO STAY PROCEEDINGS** |
| vs. | ) | **REGARDING NOBELBIZ'S** |
| | ) | **APPLICATION FOR PRELIMINARY** |
| LIVEVOX INC. | ) | **INJUNCTION** |
| | ) | |
| Defendant. | ) | |
| | ) | |

Case No. 6:12-CV-246-LED

TABLE OF CONTENTS

PAGE

I.      INTRODUCTION .................................................................................................... 1

II.     FACTUAL BACKGROUND ...................................................................................... 2

III.    ARGUMENT ........................................................................................................... 3

        A.      This Case Should Be Transferred to the Northern District of California .............. 3

                1.      The Court Should Exercise Its Authority To Transfer This Case To
                        California ........................................................................................................ 3

                2.      Private Interest Factors Favor Transfer ........................................................ 4

                3.      The Public Factors Favor Transfer to the Northern District of California 10

        B.      No Deference Should Be Given To Plaintiff's Choice Of Forum When, As Here,
                the Suit is Not Filed in the Plaintiff's Residence ................................................. 14

        C.      Plaintiff's Attempt To Forum Shop Should Not Succeed ................................... 15

IV.     THE COURT SHOULD STAY NOBELBIZ'S APPLICATION FOR PRELIMINARY
        INJUNCTION .......................................................................................................... 15

V.      CONCLUSION ....................................................................................................... 16

TABLE OF AUTHORITIES

**Cases**

*Colorquick, LLC v. Vistaprint Ltd. et al.*
    No. 6:09-cv-323, 2010 WL 5136050, at *7 (E.D. Tex. July 22, 2010) .................................... 13

*In re Genentech, Inc.*, 566 F.3d 1338 (Fed. Cir. 2009) ........................................................... 5, 6, 8

*In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1338 (Fed. Cir. 2009) ................................. 11, 12

*In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009) .......................................... 4, 7, 11

*In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008) .................................. 4, 8, 11, 12

*In re Volkswagen of Am., Inc. (Volkswagen II)*, 545 F.3d 304, 313 (5th Cir. 2008) ............. passim

*In re Volkswagen of Am., Inc.*, 566 F.3d 1349, 1351 (Fed. Cir. 2009) (*Volkswagen III*) .............. 9

*In re Zimmer Holdings, Inc.*
    809 F.3d 1378 (Fed. Cir. 2010)................................................................................................ 13

*Indus. Tech. Research Inst. v. LG Corp., et al.*
    Nos. 6:10cv628 LED-JDL, 6:10cv629 LED-JDL, 6:10cv630 LED-JDL, 6:10cv631 LED-JDL
    2012, WL 959346, at *2 (E.D. Tex. Feb. 13, 2012) .................................................................. 3

*Innovative Global Sys. LLC v. Onstar, LLC, et al.*, No. 6:10-cv-574, slip op. at 12 (E.D. Tex.
    Feb. 14, 2012) ........................................................................................................................... 9

*Morales v. Navieras de Puerto Rico*
    713 F. Supp. 711 (D.N.Y. 1989)................................................................................................ 8

*Network Prot. Scis., LLC v. Juniper Networks, Inc.*, No. 2:10-cv-224, 2012 U.S. Dist. LEXIS
    7575 (E.D. Tex. Jan. 23, 2012) ................................................................................................. 5

*New Image, Inc. v. Travelers Indem. Co.*
    536 F.Supp. 478 (E.D. Pa. 1981) ............................................................................................ 14

*O'Hopp v. Contifinancial Corp*
    88 F.Supp.2d 31 (E.D.N.Y. 2000) .......................................................................................... 15

*On Semiconductor Corp., et al., v. Hynix Semiconductor, Inc., et al.*
    No. 6:09-CV-390, 2010 WL 3855520, at *2 (E.D. Tex. Sept. 30, 2010)................................... 3

*Optimum Power Solutions, LLC v. Apple, Inc.*
    794 F.Supp.2d 696 (E.D. Tex. 2011).............................................................................. 3, 7, 14

*Pacific Car and Foundry Co. v. Pence*
    403 F.2d 949 (9th Cir. 1968) ................................................................................................... 14

*Realtime Data, LLC v. Morgan Stanley, et al.*
    Nos. 6:09cv326-LED-JDL, 6:09-cv327-LED-JDL, 6:09cv333-LED-JDL, 2010 WL 4274576,
    at *3-5 (E.D. Tex. Oct. 28, 2010) ............................................................................... 13

*Reiffin v. Microsoft Corp.*
    104 F.Supp.2d 48, fn. 12 (D.D.C. 2000).................................................................... 15

*Sipco, LLC v. Control4 Corp*, No. 6:10-cv-249, 2011 U.S. Dist. LEXIS 12435, at *6 (E.D. Tex.
    Feb. 8, 2011) .............................................................................................................. 9

*Titan Tire Corp. v. Case New Holland, Inc.*,
    566 F.3d 1372, 1375-76 (Fed. Cir. 2009) ................................................................ 15

*Veba-Chemie A.G. v. M/V Getafix*
    711 F.2d 1243 (5th Cir. 1983) ................................................................................... 3

*Voxpath RS, LLC v. LG Elecs. U.S.A., Inc.*, No. 2:10-cv-160, 2012 U.S. Dist. LEXIS 7569, at
    *18 (E.D. Tex. Jan. 23, 2012) .................................................................................... 5

*Williams v. Granite Constr. Co.*
    2009 U.S. Dist. Lexis 10756 at * 1-2 (N.D.Cal. 2009)............................................. 8

*Zimpelman v. Progressive Northern Ins. Co.*
    2010 U.S. Dist. LEXIS 5582, *7 (N.D. Cal. Jan. 8, 2010) ....................................... 14

**Statutes**
    28 U.S.C. § 1404(a) ........................................................................................................ 3

## I.    INTRODUCTION

This case was filed in the wrong court. A cursory review of the caption of the complaint in this case immediately reveals that this case does not belong in the Eastern District of Texas. NobelBiz, Inc. ("NobelBiz"), a **California**-based corporation, is suing LiveVox, Inc. ("LiveVox"), another **California**-based company.  There are no Texas plaintiffs or defendants.

The choice of venue here constitutes nothing more than inappropriate forum shopping. LiveVox is a Delaware corporation headquartered in San Francisco, with no offices in Texas. All of LiveVox's corporate documents, personnel files, and policies and procedures are housed in California.  The service accused of infringement is provided out of California and New York, and documents related to those services are at its San Francisco headquarters.

Similarly, NobelBiz has not alleged that it has employees, documents, or witnesses in this District.  James Siminoff, the sole named inventor of the patent-in-suit and president of NobelBiz, also resides in California.  The case should be transferred to the Northern District of California, which is a proper venue where the parties, witnesses, documents and activity at issue in the case are present and is clearly more appropriate and convenient than the Eastern District of Texas.

Immediately after filing suit in an improper venue, NobelBiz also filed a motion for preliminary injunction that requires significant substantive effort by the court that presides over it, including an analysis of the patent and claim construction and an assessment of the merits of infringement and invalidity.  Because the court that ultimately presides over the full case should be the one to determine the preliminary injunction motion, LiveVox requests that this Court stay any further proceedings regarding that application until LiveVox's motion to transfer is resolved.

1                    Case No. 6:12-CV-246-LED

## II.      FACTUAL BACKGROUND

NobelBiz is alleged to be a Delaware corporation with its principal place of business in Carlsbad, California.  (Doc. 1, ¶ 1.)  As recognized in the Complaint, LiveVox is a Delaware corporation with its principal place of business in San Francisco, California.  (Doc. 1, ¶ 2; *see also* Declaration of Michael Leraris ["Leraris Dec."] at ¶ 2.)

NobelBiz claims that LiveVox infringes the patent-in-suit by making, using, offering for sale, "and/or" selling its LiveVox Service.  (Doc 1 ¶ 24.)  NobelBiz's complaint alleges that this Court has personal jurisdiction over LiveVox, and that venue is proper under 28 U.S.C. §§ 1391 and/or 1400(b). (Doc. 1 ¶¶ 5-6.). NobelBiz alleges no specific facts in support of its venue claim as to LiveVox, but rather relies on the conclusory assertion that LiveVox purportedly infringes "by offering to sell and selling its LiveVox Service in the United States, including within this judicial district." (Doc 1 ¶ 22.)

In reality, LiveVox does not have sufficient contacts with the Eastern District of Texas to make this district a proper venue.  LiveVox has no offices, bank accounts, or real property in this district.  (Leraris Dec., ¶ 2.)  LiveVox has no sales associates in the District. (*Id*.)  LiveVox does not own any servers in this district. (*Id*.)  LiveVox is unaware of any witnesses or documents related to this lawsuit in the Eastern District of Texas. (*Id*.)

Instead, LiveVox is based in San Francisco, in the Northern District of California, which is its largest U.S. office with more employees than any other U.S. office. (*Id.*, ¶ 3.)  LiveVox's corporate documents, personnel files, and policies and procedures are housed in California.  (*Id*.)  Regarding the accused LiveVox Local Caller ID service, the engineering personnel and documentation regarding that service primarily resides in San Francisco, not Texas. (*Id.*, ¶ 4.)  LiveVox has several customers of its Local Caller ID service in California. (*Id*.) LiveVox's datacenters that host its service are located in California and New York, not Texas. (*Id*.)

Similarly, NobelBiz itself is located not in Texas but in California.  (Doc 1, ¶ 1.)
NobelBiz has not alleged that any of its relevant witnesses or documents are located in Texas,
and presumably those are found at the company's headquarters in California. There is essentially
no connection between this district and the Complaint—including the parties themselves and the
allegations in the Complaint.

## III.   ARGUMENT

### A.     This Case Should Be Transferred to the Northern District of California

#### 1.     The Court Should Exercise Its Authority To Transfer This Case To California

If it serves the convenience of the parties and witnesses, and if it is consistent with the
interests of justice, a court has the authority to transfer an action to any district where the case
could have originally been filed.  28 U.S.C. § 1404(a).  Section 1404(a) provides:  "For the
convenience of the parties and witnesses, in the interests of justice, a district court may transfer
any civil action to any other district or division where it might have been brought."

In applying Section 1404(a), the Court should transfer a case that has no connection or
only an attenuated connection with the district where the case was filed.  And even if the case
could have been brought in this district, the Court should transfer the case if the relative
conveniences weigh in favor of the case being litigated in another district.  The Fifth Circuit holds
that transfer may be not only discretionary, but mandatory when a plaintiff chooses an
inconvenient venue.  "The underlying premise of § 1404(a) is that courts should prevent
plaintiffs from abusing their privilege under § 1391 by subjecting defendants to venues that are
inconvenient under the terms of § 1404(a)." *In re Volkswagen of Am., Inc. (Volkswagen II)*, 545
F.3d 304, 313 (5th Cir. 2008).  "In order to obtain a new federal venue, the statute requires only
that the transfer be 'for the convenience of the parties, in the interest of justice.'" *Id,* at 314
(*quoting Veba-Chemie A.G. v. M/V Getafix*, 711 F.2d 1243, 1247 (5th Cir. 1983)); *Indus. Tech.
Research Inst. v. LG Corp., et al*., Nos. 6:10cv628 LED-JDL, 6:10cv629 LED-JDL, 6:10cv630
LED-JDL, 6:10cv631 LED-JDL 2012, WL 959346, at *2 (E.D. Tex. Feb. 13, 2012); *Optimum*

*Power Solutions, LLC v. Apple, Inc.*, 794 F.Supp.2d 696, 700 (E.D. Tex. 2011), *On Semiconductor Corp., et al., v. Hynix Semiconductor, Inc., et al*., No. 6:09-CV-390, 2010 WL 3855520, at *2 (E.D. Tex. Sept. 30, 2010).

In the Fifth Circuit, the applicable law is the same as for motions to dismiss for forum *non conveniens*, but the burden is significantly lower because the result is that the case is not dismissed. *Volkswagen II,* at 314. This is particularly true when the applicable law is federal law such as patent law and not state-specific. The standard for transfer is simply a showing of good cause. *Id,* at 315. The factors weighed in the Fifth Circuit for transfer include private interest factors and public interest factors. *Id.* Here, both the private interest factors and public interest factors support transferring this case to where the parties are located. Therefore the Court should transfer it to the Northern District of California.

## 2.     Private Interest Factors Favor Transfer

In assessing a motion to transfer a patent infringement lawsuit under Section 1404(a), "[t]he private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id. (quoting Volkswagen I,* 545 F.3d at 315 ); *In re Nintendo Co., Ltd*., 589 F.3d 1194, 1198 (Fed. Cir. 2009); *In re TS Tech USA Corp*., 551 F.3d 1315, 1319 (Fed. Cir. 2008) . Here, as discussed above, essentially nothing relevant to the case resides in this district, and essentially everything relevant to the case resides in California. The ease of access to sources of proof favors the case being in the Northern District of California, where relevant servers and offices reside, where possible physical items required for inspection are located, and where most or all of the witnesses and documents for the defendant are located. It is also much closer to the headquarters of Plaintiff, where its employees are located, and where its offices and documents are.

    **a)**  **The Northern District of California Has Much Greater Access to Primary Sources of Proof**

The location of documentary proof and physical evidence strongly weigh in favor of transfer to the Northern District of California.  "Despite technological advances in transportation of electronic documents, physical accessibility to sources of proof continues to be an important private interest factor."  *Network Prot. Scis., LLC v. Juniper Networks, Inc.*, No. 2:10-cv-224, 2012 U.S. Dist. LEXIS 7575, at *9 (E.D. Tex. Jan. 23, 2012) (citing *Volkswagen II*, 545 F.3d at 316; *TS Tech*, 551 F.3d at 1321); *Voxpath RS, LLC v. LG Elecs. U.S.A., Inc.*, No. 2:10-cv-160, 2012 U.S. Dist. LEXIS 7569, at *18 (E.D. Tex. Jan. 23, 2012)  (same).  Courts analyze this factor in light of the distance that documents or other evidence must be transported from their existing location to the trial venue.  *Volkswagen II*, 545 F.3d at 316.  "In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringers.  Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location."  *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) (quotation and quotation marks omitted) .

LiveVox's operations are centered in San Francisco, CA and most, if not all, of its documentary proof and physical evidence are located in the Northern District of California. (Leraris Dec. ¶¶ 3-4.)  In contrast, NobelBiz has not alleged that it maintains any documents or physical evidence in the Eastern District of Texas.  Furthermore, Plaintiff NobelBiz's headquarters in Carlsbad, CA, where NobelBiz likely maintains its documents and physical evidence, are closer to the Northern District of California than to the Eastern District of Texas. (Doc. 1 ¶ 1.) Thus, the ease of access factor weighs heavily in favor of transfer.

Transferring venue is even more appropriate in light of NobelBiz's application for preliminary injunction and request for expedited discovery.  Resolution of the application and any such discovery will center around LiveVox's documents and witnesses, as well as the

inventor Siminoff, all of whom reside in California.  Given NobelBiz's request to accelerate discovery and to seek early injunctive relief long before trial, any discovery and resolution of NobelBiz's preliminary injunction application should plainly occur in the Northern District of California given the hardship and prejudice that will ensue if LiveVox were enjoined and early discovery granted.

**b)    Availability of Compulsory Process Favors Transfer.**

The availability of compulsory process to secure the attendance of witnesses weighs more heavily in favor of transfer when more third party witnesses reside within the transferee venue. *See Volkswagen II*, 545 F.3d at 316.  To date, no relevant third party witnesses have been identified in the Eastern District of Texas.  To the extent any former employees of LiveVox may be relevant to this matter, those witnesses will much more likely reside in the Northern District of California.

Further, NobelBiz has also sued two other California companies, Five9 and AireSpring, for infringing the '122 patent-in-suit or its related parent patent.[1]  These other defendants also reside in California, and are likely to have relevant prior art either of their own accord or gathered to defend against NobelBiz's claims.  Any such third-party witnesses of these other defendants, as well as their documents and prior art, will reside in California and only be subject to absolute subpoena power in that venue.  As a result, this factor also favors transfer.

---

[1] NobelBiz has similarly filed these lawsuits in the Eastern District of Texas in an improper attempt to manipulate venue.  Those other lawsuits are *NobelBiz v.  Five 9, Inc.*, Civ. Action No. 6:12-cv-00243-LED (E.D. Tex.) and *NobelBiz v. AireSpring*, Civ. Action No. 6:12-cv-00242-LED (E.D. Tex.).  Notably, ***none*** of the cases filed in this Court by NobelBiz regarding this patent involves a single party based in Texas.  *See id; NobelBiz, Inc. v. GlobalConnect*, L.L.C., Civ. Action No. 6:12-cv-00244-LED (E.D. Tex.); *NobelBiz, Inc. v. InContact, Inc.*, Civ. Action No. 6:12-cv-00272-LED (E.D. Tex.); *NobelBiz, Inc. v. Stage 2 Networks, LLC*, Civ. Action No. 6:12-cv-00308-LED (E.D. Tex.); *NobelBiz, Inc. v. T C N, Inc.*, Civ. Action No. 6:12-cv-00245-LED (E.D. Tex.).

c)      **The Cost of Attendance Factor for Willing Witnesses Favors Transfer.**

Transferring this case to the Northern District of California will materially increase the convenience of prospective witnesses.  "The convenience of the witnesses is probably the single most important factor in a transfer analysis." *Genentech*, 566 F.3d at 1343.  As explained by the courts, "[a]dditional distance [from home] means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment." *Nintendo,* 589 F.3d at 1198 (quotation and quotation marks omitted).  Accordingly, under the Fifth Circuit's "100-mile" rule, "[w]hen the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to the witnesses increases in direct relationship to the additional distance to be traveled." *Volkswagen I*, 371 F.3d at 204–05.  "Furthermore, the existence or non-existence of direct flights can impact the analysis of travel time.  Thus, regardless of the 'straight line' distances calculated for the '100 mile rule,' if 'travel time' distances favor the transferee venue, then this factor will favor transfer." *Optimum Power,*, 794 F.Supp.2d 696.

Here, most or all of LiveVox's relevant witnesses are located in California, not Texas.  James Siminoff, the named inventor and CEO of NobelBiz, now resides in California, not Texas.  (Exs. 1 & 2 to Declaration of Robert Harkins ["Harkins Dec."].)  LiveVox is unaware of *any witnesses* that are located in the Eastern District of Texas or for which this District would be more convenient. (Leraris Dec. ¶ 6.)  Maintaining trial in the Eastern District of Texas would require the prospective witnesses to undergo the significant expenses for travel, meals, and lodging, as well as losses in productivity from time spent away from work. (*Id.*)  *See Volkswagen II*, 545 F.3d at 317.  In addition, these witnesses will suffer the "personal costs associated with being away from work, family, and community."  *Id.*  These costs would be significantly

minimized, if not entirely eliminated, by transferring the case to the Northern District of California.

Additionally, given that the stated intent of the Complaint is to shut down a portion of LiveVox's business, it is important that company executives are able to attend hearings and trial, which is considerably less disruptive of their business if the venue is in California where the parties are located.  (Leraris Dec. ¶ 5.)

Transfer to the Northern District of California would be significantly more convenient for LiveVox, as it is headquartered there.  It appears that it would also be more convenient for Plaintiff, as it is also located in California and much closer to the Northern District of California than the Eastern District of Texas.  Because plaintiff is based in California, it cannot argue that the Eastern District of Texas is a more convenient forum for it.  *See Morales v. Navieras de Puerto Rico*, 713 F. Supp. 711, 173 (D.N.Y. 1989) ("Because plaintiff is a resident of Puerto Rico he does not, nor can he, seriously argue that New York is a more convenient forum than Puerto Rico, especially when none of the operative facts occurred in New York, but rather occurred in Puerto Rico.").  The fact that the Eastern District of Texas may be convenient to one of plaintiff's two law firms who maintain a law office in this district is not relevant.  "[T]he convenience of the parties' counsel is given little or no weight in the convenience analysis."  17 Moore's Federal Practice, sec. 111.13[e][iii]; *see also, Williams v. Granite Constr. Co.* 2009 U.S. Dist. Lexis 10756 at * 1-2 (N.D.Cal. 2009).

"A primary factor in determining a section 1404(a) motion to transfer is where the operative facts occurred."  *Morales v. Navieras de Puerto Rico*, 713 F.Supp. 711, 712 (S.D.N.Y. 1989).  Here, the allegedly infringing activity (call processing and local number assignment) does not take place in Texas.  The allegedly activity is centered at LiveVox, which is based in San Francisco, in the Northern District of California.

Case No. 6:12-CV-246-LED

Thus, this factor strongly weighs in favor of transfer.  *See TS Tech*, 551 F.3d at 1320; *Genentech*, 556 F.3d at 1345.

### d)      Judicial Economy is Neutral to the Transfer Analysis.

The co-pending lawsuits do not balance against transfer based upon judicial economy.  In determining whether a transfer is in the interest of justice, courts will also take into account judicial economy.  *In re Volkswagen of Am., Inc.*, 566 F.3d 1349, 1351 (Fed. Cir. 2009) (*Volkswagen III*).  Judicial economy is achieved "where a court has become familiar with the technical subject matter by presiding over previous cases."  *Sipco, LLC v. Control4 Corp*, No. 6:10-cv-249, 2011 U.S. Dist. LEXIS 12435, at *6 (E.D. Tex. Feb. 8, 2011).  "A co-pending suit in its infancy, however, does not increase the Court's familiarity with the patents-in-suit and therefore does not implicate judicial economy."  *Innovative Global Sys. LLC v. Onstar, LLC, et al.*, No. 6:10-cv-574, slip op. at 12 (E.D. Tex. Feb. 14, 2012).

Here, the instant case and four other co-pending cases were all filed within the last two months, are in their infancy and have not yet had scheduling conferences.[2]  "As such, the Court is not familiar with the technology at issue to the extent necessary to facilitate judicial economy."  *Sipco*,  2011 U.S. Dist. LEXIS 12435, at *12–13 (finding that previous suits in the same Court did not weigh against transfer because in one case the Court had not construed the claims and another case was "in its infancy and yet to have a scheduling conference"); *Innovative Global Sys.*,  slip op. at 12 ("The existence of co-pending litigation in the transferor forum is relevant to the extent that it facilitates judicial economy.").  As already discussed, two of the other defendants, Five9, Inc. and AireSpring, Inc. are located in California and likely to be transferred

---

[2] For the similar reasons, the venue for at least two of these cases are inconvenient for the two California defendants: AireSpring, Inc. and LiveVox Inc.   *See* Compl. ¶ 2, *NobelBiz v. AireSpring, Inc.*, Civ. Action No. 6:12-cv-00242-LED (E.D. Tex.), Dkt. No. 1; Compl. ¶ 2, *NobelBiz v. Five Nine*, Civ. Action No. 6:12-cv-00243-LED (E.D. Tex.), Dkt. No. 1.

Case No. 6:12-CV-246-LED

there as well for similar reasons.  Therefore, judicial economy is either neutral, or else slightly favors transfer if these other California defendants and their related cases are also transferred.

### 3.   The Public Factors Favor Transfer to the Northern District of California

In assessing a motion to transfer a patent infringement lawsuit under Section 1404(a), the public interest factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law." *Volkswagen II,* at 315.  No one factor is dispositive, and others may be considered.  *Id.*  On the whole, the factors clearly weigh in favor of transfer from this Court to the Northern District of California.

When two California-based companies are fighting over technology based and deployed in California, California has a greater interest in the particulars of this case.  The other public factors discussed in *Volkswagen II* are neutral – the court docket is similar in both courts, both courts have extensive familiarity with patent law, and there are no conflict of law or foreign law issues presented in a purely federal law case.[3]  That is particularly true when no court yet has established experience with the patent at issue in this case.  Because both parties are headquartered in California, the public factors clearly favor transferring the case there.

---

[3] NobelBiz may argue that maintaining the case in this district has some efficiency over transfer not because of any facts related to this case, but rather on the basis that it has also sued other companies in other cases in this court regarding the same patent or patent family. However, that does not weigh toward maintaining a case in a district with no ties to the matter at hand.  In fact, as discussed above, ***none*** of the NobelBiz lawsuits as of the date of this filing involve any Texas entities, whereas ***all*** of them involve at least one California-based entity and approximately of them involve ***only*** California-based entities.  It is LiveVox's understanding that most or all of the other defendants will also be moving to transfer the matter to the Northern District of California.

Case No. 6:12-CV-246-LED

a)      **California Has a Strong Local Interest, Favoring Transfer of the Case**

A glance at the pleading clearly establishes that this case belongs in California, not Texas.  The only two parties in the case reside in California.  No parties reside in Texas, and no special relationship to Texas is pled anywhere in the Complaint.

The Eastern District of Texas has no particularized local interest in adjudicating this case.  "If the products were sold throughout the United States . . . then the citizens of the venue chosen by the plaintiff 'have no more or less of a meaningful connection to the case than any other venue.'"  *Nintendo*, 589 F.3d at 1198.  Considering that neither of the parties reside in Texas, the only other connection between the Eastern District of Texas and this case is that Defendant allegedly sold the Accused Service there; therefore, the District chosen by NobelBiz has no more or less of a meaningful connection to this case than any other venue.  *See id.*; *TS Tech*, 551 F.3d at 1321 (finding that a district court had "no meaningful ties to [a] case" when none of the parties or party witnesses resided within that district).

In contrast, the citizens of the Northern District of California have a far greater interest in adjudicating this dispute than those of this District.  "While the sale of an accused product offered nationwide does not give rise to a substantial interest in any single venue, if there are significant connections between a particular venue and the events that gave rise to a suit, this factor should be weighed in that venue's favor."  *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1338 (Fed. Cir. 2009) (citations omitted).  The Northern District of California has an obvious connection and substantial local interest in adjudicating this case because LiveVox is based in the Northern District of California with its offices, facilities, and employees involved in the development, operation, sales, and support of the Accused Service located there.  *See id.* at 1336; *TS Tech*, 551 F.3d at 1321.  Moreover, "because the cause of action calls into question the work and reputation of several individuals residing in or near that district and who presumably conduct

business in that community," the Northern District of California's local interest is particularly strong. *Hoffmann*, 587 F.3d at 1336. As a result, this factor strongly favors transfer.

b)      **The Remaining Public Factors Are Neutral**

Other than local interest, the other enumerated factors in *Volkswagen II* include administrative difficulties from court congestion, familiarity with the law governing the case (here patent law), and avoidance with conflict of laws or application of foreign law. *See Volkswagen II,* at 315. In each of these respects, Eastern District of Texas is similarly situated to the Northern District of California, so the factors on the whole are neutral.

Regarding court congestion or speed to trial, the reported time to disposition of civil cases is slightly shorter right now in the Northern District of California at 25.4 months than the Eastern District of Texas at 26.1 months,[4] but the numbers are near enough not to make a real difference. Additionally, this factor is considered the "most speculative" of the factors and would not outweigh other factors being considered. *Genentech, Inc.*, 566 F.3d at 1347.

This suit involves federal patent law, and both the Northern District of California and the Eastern District of Texas are experienced patent law courts. Therefore, this factor is neutral. *See TS Tech*, 551 F.3d at 1320 ("The district court was further correct in concluding that it was in no better position than the Southern District of Ohio in deciding this patent case"). And, because federal patent laws are statutory and all substantive decisions under these laws are reviewed by the Federal Circuit, there are no conflicts of law issues. Thus, these public interest factors are neutral.

In prior orders, this Court has relied on the judicial economy factor to retain certain cases in the Eastern District of Texas, but in those cases the Court was already familiar with the patent

---

[4]   Table C-5 of Judicial Business of the United States Courts, 2011 Annual Report of the Director,                                                                                          at http://www.uscourts.gov/uscourts/Statistics/JudicialBusiness/2011/appendices/C05Sep11.pdf (Ex. 3 to Harkins Dec.).

and parties due to previous litigation.  In *Colorquick, LLC v. Vistaprint Ltd. et al.*, No. 6:09-cv-323, 2010 WL 5136050, at *7 (E.D. Tex. July 22, 2010), the Court noted it had substantial experience with the same patent in a prior case.  Accordingly, the Court concluded judicial economy would be achieved by retaining the case.  *Id*.  Similarly, in *Realtime Data, LLC v. Morgan Stanley, et al.*, Nos. 6:09cv326-LED-JDL, 6:09-cv327-LED-JDL, 6:09cv333-LED-JDL, 2010 WL 4274576, at *3-5 (E.D. Tex. Oct. 28, 2010), the Court previously adjudicated several cases to completion involving the same plaintiff, same patent, and similar infringement claims, and ultimately decided to retain the case.  *Id*.

Here, the cases have just been filed, and the Court does not have any previous experience adjudicating similar lawsuits involving this patent or plaintiff.  Although other lawsuits have been filed by the same plaintiff, each of these cases involves a different defendant.  Further, all of these pending cases are still in their infancy stages.  This Court has previously relied on more than simply pending lawsuits in their infancy stages to retain a case to maximize judicial economy.

Additionally, judicial economy would not support retention of a case where convenience of the parties and witnesses favors transfer, as in this case.  *See In re Zimmer Holdings, Inc.*, 809 F.3d 1378, 1382 (Fed. Cir. 2010).  In *Zimmer*, the Federal Circuit transferred a case because the convenience factors favored transfer despite judicial economy considerations favoring retaining the case.  *Id*. at 1379.  In *Zimmer*, a similar case against a different defendant was pending in the same Court and involved similar issues, however, the Federal Circuit concluded transfer was appropriate because the other pending case was in its infancy stages and distinct from the case at issue.  *Id*. at 1382.  Here, no case has any history yet in this court, so judicial economy is a neutral point and the other factors favor transfer.

Case No. 6:12-CV-246-LED

Therefore, because the balance of public factors, and all private factors, favor transfer, the Court should transfer this case to the Northern District of California.

**B.     No Deference Should Be Given To Plaintiff's Choice Of Forum When, As Here, the Suit is Not Filed in the Plaintiff's Residence**

Deference to plaintiff's choice of forum is "substantially attenuated" where plaintiff has commenced the action in a forum that is not his or her residence.  In such cases, plaintiff's choice of forum is given much less weight in ruling on a discretionary transfer motion.  *New Image, Inc. v. Travelers Indem. Co.*, 536 F.Supp. 478 (E.D. Pa. 1981); *Optimum Power*.  Here, plaintiff is a resident of California, not Texas.[5]  As a result, the plaintiff's forum choice in the Eastern District of Texas carries no weight on whether to transfer the action.

> In judging the weight to be given [to plaintiff's choice of forum] ... consideration must be given to the extent both of the defendant's business contacts with the chosen forum and of the plaintiff's contacts, including those relating to [plaintiff's] cause of action. If the operative facts have not occurred within the forum of original selection and that forum has no particular interest in the parties or the subject matter, the plaintiff's choice is only entitled to minimal consideration.

*Zimpelman v. Progressive Northern Ins. Co.*, 2010 U.S. Dist. LEXIS 5582, *7 (N.D. Cal. Jan. 8, 2010), *citing Pacific Car and Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir. 1968).  None of the operative facts occurred in the Eastern District of Texas; thus, this district has no interest in the subject matter of the complaint.

---

[5] Plaintiff fails to plead any real connection at all to this district in its complaint.  In a subsequent motion for preliminary injunction, NobelBiz alleged without supporting evidence that it "maintains a business office in this district, which, along with its other offices around the country, serves its clientele throughout Texas and the southwestern United States." (Mtn. Prelim. Inj., at 2.)  This statement, which has no evidentiary support, glosses over the issue of whether this office has any actual operation that may be relevant.  On the contrary, the brief suggests that there is nothing particularly relevant about the business office and that it is no more relevant than any other of its offices "around the country," whereas obviously NobelBiz is headquartered in California, which is highly relevant to the issue of where the venue should exist for the case.

Case No. 6:12-CV-246-LED

### C.       Plaintiff's Attempt To Forum Shop Should Not Succeed

An important "interest of justice" factor is the prevention of forum shopping.  The transfer statute has a built-in mechanism to remedy the evils of forum shopping by giving little or no weight to the plaintiff's choice of forum away from the plaintiff's home and without ties to the controversy.  *See, O'Hopp v. Contifinancial Corp*, 88 F.Supp.2d 31, 36 (E.D.N.Y. 2000) (holding that forum shopping clearly motivated the choice of filing the suit in the Eastern District, because the case had far more connections to the Southern District; and that the need for consistency of rulings and trial coordination, as well as the interest of efficiency and justice, militated in favor of transfer); *see also Reiffin v. Microsoft Corp.*, 104 F.Supp.2d 48, 54, fn. 12 (D.D.C. 2000) (choice of venue disregarded when it was apparent plaintiff was engaged in forum shopping and the alternative venue was equally convenient).  NobelBiz should not be permitted to forum shop here, where the district is far away from the matters giving rise to the dispute, and the offices of both parties are in California.

### IV.      THE COURT SHOULD STAY NOBELBIZ'S APPLICATION FOR PRELIMINARY INJUNCTION

Two days after filing the complaint, NobelBiz also filed an application for preliminary injunction.   The court that presides over the application will need to devote significant substantive work to the case, including an analysis of the patent and claim construction and an assessment of the merits of infringement and invalidity. *See Titan Tire Corp. v. Case New Holland, Inc*., 566 F.3d 1372, 1375-76 (Fed. Cir. 2009).

LiveVox does not infringe the asserted patent, and it is not attempting to avoid responding to preliminary injunction motion.  On the contrary, it is prepared to file its opposition.  But LiveVox believes that if this Court is transferring the case, as it should, there is no purpose served in taking the time and energy to analyze the application.  Moreover, the court that ultimately presides over the full case should be the one to determine the preliminary injunction motion.  LiveVox requests that this Court stay any further proceedings regarding that application until LiveVox's motion to transfer is resolved.

## V.        CONCLUSION

For the foregoing reasons, the case should be transferred to the Northern District of California.  Also, pending a ruling on this motion, proceedings regarding NobelBiz's application for preliminary injunction should be stayed.

Respectfully Submitted,

By: /s/ Robert Harkins
       E. PAUL CAULEY, JR.
       State Bar No. 04018900
       Email:  paul.cauley@sedgwicklaw.com
       FAVAD R. BAJARIA
       State Bar No. 24073042
       Email:  favad.bajaria@sedgwicklaw.com
       **SEDGWICK LLP**
       1717 Main Street, Suite 5400
       Dallas, TX 75201-7367
       Telephone: (469) 227-8200
       Facsimile: (469) 227-8004

       ROBERT HARKINS
       California State Bar No. 179525
       Email:  robert.harkins@sedgwicklaw.com
       **SEDGWICK LLP**
       333 Bush St., 30th Fl.
       San Francisco, California 94105
       Telephone: (415) 781-7900
       Facsimile: (415) 781-2635

       **ATTORNEYS FOR DEFENDANT
       LIVEVOX INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was filed electronically on May 23, 2012 pursuant to Local Rule CV-5(a) and has been served on all counsel who are deemed to have consented to electronic service pursuant to Local Rule CV-5(a)(3)(A).

By: */s/Robert Harkins*
Robert Harkins